```
UNITED STATES DISTRICT COURT         FOR ONLINE PUBLICATION ONLY
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------X
JOHN HAMMOND,

                Petitioner,                         MEMORANDUM
                                                    AND ORDER

        -against-                                   07 CV 1042 (JG)

JAMES CONWAY,
SUPERINTENDANT,

                Respondent.
---------------------------------------------------X
A P P E A R A N C E S :

        JOHN HAMMOND
                No. 00A1902
                Attica Correctional Facility
                P.O. Box 149
                Attica, NY 14011-0149
                Petitioner, pro se

        CHARLES J. HYNES
                Kings County District Attorney
                350 Jay Street
                Brooklyn, NY 11201
        By:     Diane R. Eisner
                Attorney for Respondent
```

JOHN GLEESON, United States District Judge:

        John Hammond petitions *pro se* for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 based on an almost eight-year delay in the direct appeal of his December 13, 1999 convictions for burglary and petit larceny. For the reasons set forth below, the petition is granted to the extent that he is entitled to a writ of habeas corpus if the Appellate Division of the New York State Supreme Court does not decide his direct appeal within 150 days of the date of this order.

BACKGROUND

In my decision of August 31, 2007, familiarity with which is assumed here, I found that it was likely that the delay in perfecting Hammond's appeal worked to deny him of due process of law. *Hammond v. Conway*, No. 07-1042, 2007 WL 2572113, at *1 (E.D.N.Y. Aug. 31, 2007). I concluded that the only remedy available for this likely violation would be to grant a conditional writ of habeas corpus, ordering him released if the Appellate Division failed to decide his appeal within a specified time after my order. *Id.* at *11. Hammond, however, had stated at the June 12, 2007 oral argument of the petition that he wished to *delay* processing his appeal so as to give the Appellate Division time to review new claims he was raising in a motion under N.Y. Crim. Proc. Law §§ 440.10 and 440.20, and thus did not want me to issue a conditional writ. *Hammond*, 2007 WL 2572113, at *7. Concluding that Hammond did not want the only relief to which he might be entitled, I dismissed his petition without prejudice to renewal should he elect to seek the conditional writ, *id.* at *12, and thus found it unnecessary to decide whether or not the delay in perfecting his appeal constituted a due process violation, *id.* at *10.

Hammond has reconsidered his position since my decision of August 31, 2007. In a letter postmarked on September 7, 2007, he stated that he had not understood himself to be rejecting the only relief available to him, and asked the court to issue a conditional writ and also to convert his suit into one for damages under 42 U.S.C. § 1983. At a telephone conference on September 27, 2007, he stated that he understood the consequences of the request for a conditional writ and renewed his request for it, asking me to impose a 60-day deadline on the Appellate Division. In that conference, the

respondent noted that Hammond had filed a motion with the Appellate Division to stay his direct appeal pending the outcome of his § 440 motion. In a letter dated September 29, 2007, Hammond asked me to order him released unconditionally, or in the alternative to order him released unless the Appellate Division decided his appeal within 30 days of the telephone conference.

## DISCUSSION

The reasons that made me find it likely that the delay in perfecting Hammond's appeal was a violation of due process now lead me to conclude that the delay did in fact constitute a due process violation. *See Hammond*, 2007 WL 2572113, at *7-*10. But unless a petitioner can show that the delay has prejudiced the outcome of his appeal, the appropriate remedy is a conditional writ of habeas corpus ordering his release if the appeal is not decided within a specified time. *See Diaz v. Henderson*, 905 F.2d 652, 653 (2d Cir. 1990) ("[R]elease . . . would be appropriate only if the delay of [defendant's] appeal had prejudiced his due process rights so as to make his confinement constitutionally deficient."). Hammond is not entitled to unconditional release, as he has not demonstrated that his due process violation worked to "affect the constitutional integrity of the appeal itself." *Simmons v. Reynolds*, 898 F.2d 865, 869 (2d Cir. 1990); *see also Hammond*, 2007 WL 2572113, at *11 (concluding Hammond's appeal was not prejudiced by the delay). He is also not entitled to an order releasing him if the Appellate Division does not decide his appeal within 30 days of the September 27, 2007 telephone conference, as this short time frame would likely have the same effect as an unconditional release.

Courts granting conditional writs of habeas corpus generally provide 60 to 90 days from the date of their order for the defendant's appeal to be decided. *See, e.g.*, *Brooks v. Jones*, 875 F.2d 30, 30 (2d Cir. 1989) (requiring district court to issue conditional writ with 60-day deadline); *Wheeler v. Kelly*, 811 F.2d 133, 134 (2d Cir. 1987) (affirming conditional writ with 78-day deadline); *Collins v. Rivera*, No. 99-CV-0490H, 1999 WL 1390244, at *6 (E.D.N.Y. Dec. 2, 1999) (issuing conditional writ with 75-day deadline); *Cameron v. LeFevre*, 887 F. Supp. 425, 435 (E.D.N.Y. May 22, 1995) (same); *Davis v. Fulcomer*, 681 F. Supp. 137, 137 (E.D.N.Y. 1988) (issuing conditional writ with 90-day deadline); *Harris v. Kuhlman*, 601 F. Supp. 987, 994 (E.D.N.Y. 1985) (issuing conditional writ with 60-day deadline). However, in light of the numerous issues Hammond is pursuing on appeal and given Hammond's own motion to the Appellate Division to stay consideration of his appeal pending the outcome of (and appeal from) his § 440 motion, I find that a substantially longer time period is appropriate. Accordingly, a writ of habeas corpus will be granted if the Appellate Division does not decide his appeal within 150 days of this order. *Cf. Hampton v. Kelly*, No. CV-88-0-528, 1988 WL 143708, at *3 (E.D.N.Y. Nov. 29, 1988) (granting conditional writ with 180-day deadline where delay in appeal was relatively minor and occurred without fault by any party).

Courts have granted leave to convert habeas petitions based on delayed appeals into actions for damages under 42 U.S.C. § 1983, at least in cases where the direct appeal was heard before the petition was decided. *See, e.g.*, *Cody v. Henderson*, 936 F.2d 715, 723 (2d Cir. 1991) (remanding with instructions to allow petitioner to recast claim as one for damages under § 1983); *Snyder v. Kelly*, 769 F. Supp. 108, 112 (W.D.N.Y. 1991) (granting leave to amend petition to state claim for damages under §

4

1983 within 60 days); *Simmons v. Reynolds*, 708 F. Supp. 505, 510-11 (E.D.N.Y. 1989) (same), *aff'd*, 898 F.2d 865 (2d Cir. 1990). Therefore, the respondent is ordered to show cause, within 14 days of the date of this order, why I should not grant leave to amend this petition to state a claim under § 1983.

## CONCLUSION

For the reasons stated above, the petition is granted to the extent that a writ will issue if Hammond's direct appeal is not decided within 150 days of the date of this order. Furthermore, the respondent is ordered to show cause, within 14 days of the date of this order, why I should not grant Hammond leave to amend his petition to state a claim under 42 U.S.C. § 1983.

So ordered.

John Gleeson, U.S.D.J.

Dated: Brooklyn, New York
October 16, 2007

5